UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-194-FDW

| ANTHONY RUDOLPH RANKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| WENDALL HARGRAVE, GEORGE SOLOMON, DAVID HATLEY, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration, (Doc. No. 9).

Pro se Plaintiff Anthony Rudolph Rankins is a North Carolina state court inmate, currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff filed this action on April 21, 2014, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff named as Defendants Wendall Hargrave, identified as the Administrator of Lanesboro; George Solomon, identified as Director of Prisons for the State of North Carolina; and David Hatley, identified as Unit Manager of the Union Unit at Lanesboro. (Doc. No. 1 at 2). Plaintiff purported to bring a claim of cruel and unusual punishment under the Eighth Amendment based on his allegation that he and other inmates at Lanesboro were subjected to inhumane conditions during an emergency lockdown in November and December of 2013. In an order May 13, 2014, on initial review under 28 U.S.C. § 1915, this Court dismissed all of Plaintiff's claims for failure to state a claim. (Doc. No. 6).

1

On May 21, 2014, Plaintiff filed the pending motion for reconsideration, which is in the nature of motion to alter or amend the prior judgment of the Court. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 9), is **DENIED**.

Signed: December 11, 2014

_Frank D. Whitney_
Frank D. Whitney
Chief United States District Judge